_____

BRIAN D. GREEN
and
KIM C. GREEN,

                Plaintiffs,

                v.

WILLIAM J. ALLEN, P.A.,
and
WILLIAM J. ALLEN.

                Defendants.

_____

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

      Pursuant to LCvR. 7.I, defendants William J. Allen, P.A. ("WJAPA") and William J. Allen ("Allen") submit this memorandum in support of their Motion to Dismiss

## I. INTRODUCTION

      The plaintiffs, appearing _Pro Se_, filed this action on August 20,2021 alleging that defendants violated 15 U.S.C. §1692 (the Fair Debt Collection Practices Act or "FDCPA"). WJAPA has moved to dismiss the Complaint on the grounds that that there has been an insufficiency of process; and WJAPA and Allen have both moved to dismiss on the grounds that the Complaint fails to meet the minimum pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure and by the United States Supreme Court and therefore, should be dismissed.

## II. FACTS

      The plaintiffs filed their Complaint on August 20, 2021, alleging that WJAPA and Allen violated §15 U.S.C. 1692 (the Fair Debt Collection Practices Act or "FDCPA"). A summons was issued on August 20, 2021 and generically addressed to William J. Allen, P.A., 2435 Plantation Center Drive, Suite 205, Matthews, NC 28105. (Doc. No. 2). The summons and complaint were received at WJAPA's

1

general business address on or about August 23, 2021. (Doc. No. 3). The Complaint alleges WJAPA and Allen violated the FDCPA in various ways. Defendants allege that the debt which Defendants were trying to collect was a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of the Greens to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes." (Doc. No. 1, ¶ 9).

### III. ARGUMENT

**A. The Complaint Should be Dismissed as to William J. Allen, P.A. Because There is an Insufficiency of Process.**

Fed. R. Civ. P. Rule 12(b)(4) allows for dismissal when process is insufficient. Rule 4(a)(1) requires that "[a] summons must...name the court and parties; [and] be directed at the defendant." Where service is made on a corporation, partnership or association, Rule 4(h)(1) requires the summons be directed to "an officer, a managing or general agent, or any other agency agent authorized by appointment or law to receive service of process." In this instance, Plaintiffs directed their summons to "William J. Allen, P.A., 2435 Plantation Center Drive, Suite 205, Matthews, NC 28105." (Doc. No. 2). Plaintiff did not direct the summons to a corporate officer or appropriate agent despite the public availability of that information on the North Carolina Secretary of State's website. The summons is therefore facially defective and the Complaint should be dismissed for an insufficiency of process.

**B. The Complaint Fails to Meet the Minimum Pleading Standards and Should be Dismissed Because it Does Not State a Claim Upon Which Relief Can be Granted.**

Fed. R. Civ. P. Rule 12(b)(6) allows for dismissal when the pleading party fails to "state a claim upon which relief can be granted." A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has also opined:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement
> of the claim showing that the pleader is entitled to relief." Specific facts are not

necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (alteration in original) (internal citations omitted) (quoting Twombly, 550 U.S. at 555-56). Rule 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not require "detailed factual allegations, it requires more than an "unadorned accusation of harm by the defendant." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A "debt" for purposes of the FDCPA is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes…" 15 U.S.C. § 1692a(5). In support of their claim that the underlying debt is subject to the FDCPA, Plaintiffs' complaint alleges as follows:

> "The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Greens to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes." (Doc. No. 1, ¶ 9)

This conclusory language tracks the language of 15 U.S.C. § 1692a(5) exactly. As such, it is not sufficient to prevail on a motion to dismiss. The complaint offers no further detail or context to the debt. The complaint fails to allege any supporting facts of the character of the debt to support a finding that the debt is governed by the FDCPA. Notably missing from plaintiff's allegations are the identity of the creditors, the identity of all debtors and the nature of the goods/services exchanged incident to the transaction.

WJAPA and Allen respectfully submits that the Complaint does not contain sufficient facts to withstand a motion to dismiss or to make the claims plausible on their face. Specifically, the complaint fails to offer any allegations regarding the debt other than threadbare recitals of the elements of the cause of action, supported by mere conclusory statements. Simply put, plaintiffs FDCPA claims lack any factual detail or context and therefore are not sufficient to meet the minimum pleading standards and should be dismissed.

3

## IV. CONCLUSION

For the foregoing reasons, WJAPA and Allen respectfully request the Court dismiss the Complaint with prejudice.

This the 4th[th] day of October 2021.

/s/ William J. Allen
William J. Allen
Attorney for Defendants
State Bar No. 24916
2435 Plantation Center Drive, Suite 205
Matthews, North Carolina 28105
Phone (704)847-1390
Email ballen@allenatlaw.com

4

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served all Plaintiffs in the foregoing matter with a copy of the Corporate Disclosure, Motion to Dismiss and Memorandum in Support of Defendants' Motion to Dismiss by depositing in the United States Mail, a copy of same in a properly addressed envelope with adequate postage thereon, addressed to:

Brian D. Green
113 Indian Trail Road N
Suite 280
Indian Trail, NC 28079

and


Kim C. Green
113 Indian Trail Road N
Suite 280
Indian Trail, NC 28079


/s/ William J. Allen
William J. Allen
Attorney for Defendants
State Bar No. 24916
2435 Plantation Center Drive, Suite 205
Matthews, North Carolina 28105
Phone (704)847-1390
Email ballen@allenatlaw.com

5